IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMAAL A. MCNEIL, | ) | |
| | ) | |
| Petitioner, | ) | 4:06cv3305 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| MR. NEWTON, et al., | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court for initial review of the Petition for Writ of Habeas Corpus filed by the petitioner, Jamaal A. McNeil. The petitioner is in federal custody awaiting trial in a pending criminal case: *United States of America v. Jamaal A. McNeil*, Case No. 8:06cr123 (D. Neb.), assigned to: Chief Judge Joseph F. Bataillon. Trial in that matter is provisionally set for February 26, 2007, and a mental examination has been scheduled before trial. In the interim, the petitioner is housed at the Douglas County Correctional Center ("DCCC") pursuant to an arrangement established by the U.S. Marshal.

Liberally construed, the petition requests relief pursuant to 28 U.S.C. § 2241. As the petitioner has filed this habeas corpus action prior to conviction while federal criminal charges are pending, he may not invoke 28 U.S.C. §§ 2255 or 2254, which apply only in postconviction circumstances. 28 U.S.C. § 2255 authorizes a motion to vacate, set aside, or correct sentence by a prisoner in custody "under sentence" by a federal court. Similarly, 28 U.S.C. § 2254 affords relief to a petitioner "in custody pursuant to the judgment of a State court." However, 28 U.S.C. § 2241(c) permits this court to entertain an application for a writ of habeas corpus by a person in custody, but not yet convicted or sentenced.

In his § 2241 petition, the petitioner alleges ineffective assistance of counsel, violation of due process, unlawful arrest, prosecution's failure to disclose exculpatory evidence, unconstitutionally selected grand jury, and other claims. He seeks release from

federal custody in connection with the prosecution of Case No. 8:06cr123.

All of the petitioner's claims relate to his pending criminal prosecution. Although 28 U.S.C. § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the petitioner must first exhaust his available remedies. See, e.g., Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-90 (1973) (federal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction).

In Moore v. United States, 875 F. Supp. 620 (D. Neb. 1994), *appeal dismissed*, 54 F.3d 782 (8th Cir. 1995) (table), Senior District Judge Warren K. Urbom of this court ruled, in circumstances very similar to this case, that a federal pretrial detainee's habeas corpus claims could not be asserted in this court pursuant to § 2241 without prior exhaustion in the detainee's pending criminal trial and on direct appeal. Adopting the recommendation of Magistrate Judge David L. Piester, Judge Urbom stated, in part:

> Thus where habeas claims raised by a pretrial detainee would be dispositive of the pending federal criminal charges, principles of federal court efficiency require that the petitioner exhaust those claims by presenting them at trial and then on direct appeal. In this case petitioner seeks to dismiss his criminal indictment. Such a claim, if successful, would be dispositive of the underlying federal criminal charges ....**Thus petitioner's claim may be exhausted only by raising it at the pending criminal trial and then on direct appeal. Accordingly I conclude that section 2241 relief is not available to petitioner at this time.**

Id. (Emphasis added.) Accord Kotmair v. United States, 143 F. Supp.2d 532, 534 (E.D. N. C. 2001), *citing* Moore: "Principles of judicial economy and efficiency weigh against allowing federal defendants to file separate habeas petitions where an appropriate remedy is available with the trial court. Allowing this sort of 'dual' litigation would encourage defendants to 'judge shop' and to 'seek to avoid the assigned trial judge, and any ruling he or she may make on the issue at trial, by merely filing a habeas petition raising the same issue ... [and] effectively circumvent[ing] the assigned trial judge ...'."

THEREFORE, IT IS ORDERED:

1. That this action and the Petition for Writ of Habeas Corpus filed by Jamaal

A. McNeil are dismissed without prejudice;

    2.    That a separate judgment will be entered accordingly; and

    3.    That, in addition to the petitioner, the Clerk of Court shall provide a copy of this Memorandum and Order and the accompanying Judgment to counsel of record for Mr. McNeil in Case No. 8:06cr123, so that counsel can explain the necessity of exhaustion of remedies and can advise Mr. McNeil of the statute of limitations for a motion under 28 U.S.C. § 2255 after exhaustion of remedies.

January 25, 2007.    BY THE COURT:

    s/ *Richard G. Kopf*
    United States District Judge